IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DIANNE TRAN,** *Plaintiff*, v. **COMPASS GROUP USA, INC.,** *Defendant*. | Civil Action No. _____ |

### DEFENDANT'S NOTICE OF REMOVAL

COMES NOW, Bon Appetit Management Co., erroneously sued as Compass Group USA, Inc.[1] ("Bon Appetit" or "Defendant") hereby files its Notice of Removal of this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Defendant bases its removal on the following grounds:

### PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY

1. On November 30, 2022, Plaintiff Dianne Tan filed a complaint in the Superior Court for the District of Columbia, captioned *Dianne Tan v. Compass Group USA, Inc.* Case No. 2022-CAB-0056241. Although not served on Defendant, the D.C. Superior Court issued an Initial Order on December 6, 2022, setting an initial hearing date for March 3, 2023. True and correct copies of the District of Columbia Superior Court filings, including the Complaint, are attached hereto as Exhibit A.

---

[1] Compass Group USA, Inc. ("Compass Group") is the parent company of Bon Appetit Management Co. While registered to do business in the District of Columbia as a foreign profit corporation, Compass Group's principal place of business is in North Carolina, with its corporate office located at 2400 Yorkmont Road, Charlotte, North Carolina 28217.

2. On or around December 27, 2022, Defendant was properly served with Plaintiff's Complaint. A true and correct copy of the Notice of Service of Process is attached hereto as Exhibit B.

3. The deadline to file a Notice of Removal in this matter is 30 days after Defendant received service of the initial pleading in the D.C. Superior Court case, which in this case, is January 26, 2023. *See* 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). This Notice of Removal is timely and compliant with 28 U.S.C. §§ 1441 and 1446.

4. A copy of all process documents, pleadings, and orders is attached to Defendant's Notice of Removal.

**THE COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S CLAIMS**

5. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.

6. The Superior Court for the District of Columbia is located within the District of Columbia. Venue is proper in the United States District Court for the District of Columbia because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP EXISTS

7. The party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Novak v. Capital Management and Development Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2007) (quotations and citations omitted).

8. Plaintiff is a citizen of the State of Maryland. *See* Ex. A, Complaint at p. 4 (Plaintiff listing her address as 4804 Cherokee Street, College Park, MD 20750); *id.* ¶ 6 (stating, "Plaintiff Dianne Tan is an individual residing in College Park, Maryland.").

9. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant is incorporated in the State of California and is thereby a citizen of said state. *See* Exhibit C, at ¶ 7 (Declaration of Cristina Rodriguez-Licari). In addition to being incorporated in California, Defendant's principal place of business, including its corporate office, is located at 201 Redwood Shores Parkway, Suite 100, Redwood Shores, CA 94065. *Id.* ¶ 8.

10. As this Circuit recognized, the nerve-center test, as laid out by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), is the proper test for determining a corporation's principal place of business. To determine a company's principal place of business, courts look at:

> the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 23 (D.C. 2016) (quoting *Hertz*, 559 U.S. at 92-93).

11.     Here, at all times relevant, Defendant's principal place of business is its headquarters, which is located in Redwood Shores, CA 94065. Defendant's direction, control, and coordination come from its headquarters. *See* Ex. C, at ¶ 8 (Declaration of Cristina Rodriguez-Licari).

12.     Accordingly, because Defendant is a citizen of California and Plaintiff is a citizen of Maryland, diversity jurisdiction is established.

### THE AMOUNT-IN-CONTROVERSY EXCEEDS THE $75,000 THRESHOLD

13.     The sum demanded in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2).

14.     In her initial pleading, Plaintiff alleges that she seeks damages in excess of the jurisdictional limits, seeking "compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, nominal damages, attorneys' fees, and pre and post-judgment interest." *See* Ex. A at 15.

15.     Given that Plaintiff brings four separate causes of action under the D.C. Human Rights Act, D.C. courts have concluded that cases brought under the D.C. Human Rights Act seeking similar categories of damages satisfy the $75,000 threshold. *See e.g. Parker-Williams v. Charles Tini & Assocs., Inc.*, 53 F. Supp. 3d 149, 153 (D.D.C. 2014).

16.     Accordingly, because diversity citizenship exists and the amount in controversy exceeds $75,000, removal to this Court is proper pursuant to 28 U.S.C. § 1332(a).

17.     Concurrent with the filing and service of this Notice of Removal, Defendant has served a Notice of Filing Notice of Removal on Plaintiff, and has filed such Notice with the Clerk of Court for the Superior Court for the District of Columbia. *See* Defendant's Notice of Filing Notice of Removal, attached hereto as Exhibit D.

18.     By removing this matter, Defendant does not waive or intend to waive any defense.

## CONCLUSION

WHEREFORE, Defendant files this Notice of Removal and respectfully requests that this Court exercise original jurisdiction over this action so that the entire court action under Civil Action Number 2022-CAB-0056241, now pending in the Superior Court for the District of Columbia, is removed to this Court for all further proceedings.

Dated: January 26, 2023                    Respectfully submitted,

*/s/ D'Ontae D. Sylvertooth*
D'Ontae D. Sylvertooth, D.C. Bar No. 1644187
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C.  20006
Tel: (202) 887-0855
Fax: (202) 887-0866
Email:  dontae.sylvertooth@ogletree.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2023, I caused a true and correct copy of the foregoing to be electronically filed via the Court's e-filing system to:

Adriana Alcalde, Esq.
D. Md. No. 1656434
Andrew Rozynski, Esq.
(NY bar No. 5054465, seeking admission *pro hac vice*)
EISENBERG & BAUM, LLP
24 Union Square East, Penthouse
New York, NY 10003
Tel: (212) 353-8700
AAlcalde@eandblaw.com
ARozynski@eandblaw.com

*Counsel for Plaintiff, Dianne Tran*

                                        */s/ D'Ontae D. Sylvertooth*
                                        D'Ontae D. Sylvertooth, D.C. Bar No. 1644187