IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DIANNE TAN,**<br><br>    *Plaintiff*,<br><br> v.<br><br>**COMPASS GROUP USA, INC.;<br>BON APPETIT MANAGEMENT<br>CO.; MARCY KNOX**<br><br>    *Defendants*. | Civil Action No. 1:23-cv-224-APM |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS COUNTS IV AND V OF PLAINTIFF'S AMENDED COMPLAINT**

 Defendants Compass Group USA, Inc. ("Compass"), Bon Appetit Management Co. ("Bon Appetit"), and Marcy Knox ("Ms. Knox"), collectively referred to as "Defendants," through their counsel and pursuant to FED. R. CIV. P. 12(b)(6), hereby submit this Reply Memorandum of Law in Support of their Motion to Dismiss Counts IV and V of Plaintiff's Amended Complaint.

 **I. INTRODUCTION**

 Plaintiff's Opposition fails to address Defendants' main argument – that she failed to allege sufficient facts in her Amended Complaint to show that any named defendant's negligent actions caused her emotional distress. Instead, Plaintiff's Opposition relies on conclusory statements, unsupported by any factual allegations, to request this Court to save Counts IV and V of her Amended Complaint. "Though the pleading rules are liberal and 'legal conclusions can provide the complaint's framework,' these 'must be supported by factual allegations.'" *Doe v. Sipper*, 821 F. Supp. 2d 384, 389 (D.D.C. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). As explained in its opening memorandum [ECF No. 10-1] and herein, Counts IV and V must be dismissed because there are insufficient facts to support that any named Defendant acted

negligently.

II. ARGUMENT

### A. Plaintiff Concedes That She Failed to Allege Negligent Conduct by Mr. Cene or Mr. Cordova and that Such is Fatal to her NIED Cause of Action.

As discussed in its opening memorandum, Plaintiff's allegations of sexual harassment by Yvone Cene and Arturo Cordova constitute intentional acts. See ECF No. 10-1, at 7-9. Further, as stated in the opening memorandum, when a plaintiff fails to allege "plausible factual allegations of negligent conduct, [Plaintiff] fails to satisfy the basic requirements of a negligent infliction of emotional distress claim, and the Court, therefore, must grant [Defendants'] motion to dismiss Count [IV]." ECF No. 10-1 at 9 (citing *Cornish v. District of Columbia*, 67 F.Supp.3d 345, 364 (D. D.C. 2014)). Indeed, Plaintiff's Opposition fails to address this critical argument, so this Court should consider that Plaintiff conceded the issue. *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries,* 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd sub nom. Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries, United Methodist Church,* 98 F. App'x 8 (D.C. Cir. 2004) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded").

### B. Plaintiff Cannot Use Vicarious Liability as a Means of Holding Defendants Liable for the Intentional Acts of Mr. Cene or Mr. Cordova.

As discussed above, Plaintiff concedes that the acts alleged to have been committed by Mr. Cene and Mr. Cordova are intentional acts. "It is well established that an employer may be held liable for the **negligent acts of an employee** under the doctrine of *respondeat superior.*" *Phelan v. City of Mount Rainier*, 805 A.2d 930, 937 (D.C. 2002) (emphasis added). However, the doctrine "does not automatically attribute any acts of an employee to his employer," but instead

only those acts that are (1) "taken place within the scope of [the employee's] employment or (2) arguably, [the employee] must have used his apparent authority or have been aided by his agency relationship in accomplishing them." *Sipper*, 821 F. Supp. 2d at 387. But courts in this district have "declined to hold an employer liable vicariously for the **intentional torts of an employee committed solely** for the accomplishment of his own malicious personal reasons." *Phelan*, 805 A.2d at 937 (emphasis added).

Plaintiff's Amended Complaint is devoid of any facts to show that Mr. Cene or Mr. Cordova acted for the benefit of any named defendant. Instead, the alleged acts show that both individuals acted for their own benefit. In her Opposition, Plaintiff alleges that in September 2021, "Cene sexually harassed and assaulted Plaintiff in various ways, such as touching her forcefully when he was driving her home from work or rubbing his penis against her body." ECF No. 11 at 3-4 (citing Amended Compl. ¶ 14). There are no facts alleged in the Amended Complaint that any of these actions were taken for the benefit of any named defendant and, thus, the acts did not occur within the scope of Cene's employment. Instead, they were intentional acts for his own personal reasons, and Defendants cannot be held vicariously liable for those actions under an NIED cause of action. The same is true for those acts allegedly committed by Mr. Cordova.

Plaintiff attempts to argue that Defendants placed her in the zone of danger by purportedly failing to prevent and correct the alleged harassment. *Id.* at 3-6. However, this argument misses the mark and conflates her burden of proof and the facts needed to support her NIED cause of action against Defendants. "'[N]egligence,' as used in the tort, refers only to the nature of the **underlying conduct that caused a plaintiff to be placed in the zone of danger**." *Cornish*, 67 F. Supp. 3d at 364 (quoting *Rice v. District of Columbia,* 774 F.Supp.2d 25, 33 (D.D.C. 2011) (emphasis added)). It "does not refer to the unintended consequence of causing emotional stress

that resulted from what originally was intentional conduct." *Id.* Critical to any negligence claim is that a party "has a duty to guard against only **foreseeable** *risks*." *Kennedy v. Berkel & Co. Contractors*, 2020 WL 4903896, at *6 (D.D.C. Aug. 20, 2020) (emphasis added).

Plaintiff's Amended Complaint fails to allege sufficient facts to show that any risk was foreseeable. Plaintiff claims that she feared for her safety because of Cene's comments and that he may have known her home address. ECF No. 11 at 4. But it was Plaintiff herself who gave Cene her home address when she voluntarily rode home with him. Amend. Compl. ¶ 14. There are no facts alleged in the Amended Complaint that any named defendant provided Cene access to her home address or that any named defendant requested for him to take her home. Nor are there any facts that any named defendant knew about any previous malicious acts that would make any harm foreseeable.

Plaintiff relies on a conclusory statement from her Amended Complaint to try to establish foreseeability where she asserts:

> Upon information and belief, in mid-September 2021, Cene inappropriately "grinded" on another employee and rubbed her back. Ms. Tan's coworker reported this incident to a management level staff, Lisa Moore, but she made it like nothing happened.

Amend. Compl. ¶14(g). But this fails to establish foreseeability because Plaintiff provides no factual support for this conclusory statement. Indeed, "[t]he unadorned claim that [u]pon information and belief, [the defendant] had previously caused harm to other sexual harassment victims" is an insufficient factual allegation to support a cause of action. Further, Plaintiff admits that she did not inform management about any alleged sexual harassment until after the allegations occurred, removing any foreseeability. *See* Amend. Compl. ¶¶ 14 (identifying alleged intentional acts by Cordova, which occurred in September 2021); ¶¶ 16, 20 (identifying that she did not complain until November 2021); ¶ 32 (identifying alleged intentional acts by Cene,

which occurred in September 2021); and ¶¶ 33-34 (claiming that some unidentified coworker – not Plaintiff – complained about alleged sexual harassment by Cordova).

Simply put, Defendants could not foresee any alleged harm Plaintiff claims she experienced because of the alleged sexual harassment. Instead, Plaintiff is attempting to seek recovery for the "unintended consequence of causing emotional stress that resulted from what originally was intentional conduct" – the intentional acts by Cene and Cordova – which is not permitted under a negligence claim. *Cornish*, 67 F. Supp. 3d at 364. Thus, Plaintiff's NIED claim should be dismissed.

### C. Plaintiff Fails to Allege Sufficient Facts to Show that Any Defendants Caused Her Harm Through Any Negligent Act.

Plaintiff emphatically claims that it was "Defendants' own negligence—separate and apart from Cene and Cordova's misconduct—[that] placed Plaintiff in a zone of physical danger in which she feared for her safety." ECF No. 11 at 3. To support this claim, Plaintiff claims Defendants were negligent "in failing to prevent or address Cene and Cordova's sexual misconduct against Plaintiff." Plaintiff's attempt to save her claim under this theory also fails.

Liability under Plaintiff's NIED cause of action must be "predicated upon the employer's direct negligence." *Kennedy v. Berkel & Co. Contractors*, 2020 WL 4903896, at *6 (D.D.C. Aug. 20, 2020). And this requires the Plaintiff to allege sufficient facts to "establish[] the applicable standard of care, [show] a deviation from that standard by the defendant, and [allege] a causal relationship between the deviation and the plaintiff's injury." *Kennedy*, 2020 WL 4903896, at *6. Plaintiff has failed to allege sufficient facts to support a negligence claim against any of the named Defendants. Firstly, Plaintiff does not identify an applicable standard of care that Defendants owed her. Secondly, Plaintiff does not allege sufficient facts to show that Defendants breached any standard of care owed her.

Plaintiff attempts to save her claim by arguing in her Opposition: (1) "there was no investigation or discipline against Cene," ECF No. 11, at 4; (2) "there was no discipline or investigation against Cordova even after [some unknown employee allegedly complained against Cordova]" *id.* at 5; (3) Defendants "failed to establish and effectively implement a company policy against sexual misconduct in the workplace" *id.*; and (4) "Defendants failed to establish and effectively implement a grievance process for employees subject to sexual harassment," *id.* at 5-6. None of these arguments are sufficient to prevent the dismissal of her NIED cause of action.

Firstly, Plaintiff does not allege sufficient facts to show that she had any knowledge that Defendants did not investigate or discipline either Mr. Cene or Cordova. Instead, the factual statements within her Amended Complaint are nothing more than conclusory statements unsupported by actual facts. Amend. Compl. ¶ 17 ("Upon information and belief, there was no discipline and/or investigation against Cene even after this reporting."), ¶ 33 ("Upon information and belief, there was no discipline and/or investigation against Cordova even after this reporting."). As already stated above, these are insufficient factual allegations to support a cause of action. *See Raihan*, 324 F. Supp. 3d at 114.

Secondly, Plaintiff fails to allege any facts to support that Defendants failed to implement a sexual misconduct policy or mechanism to report such behavior. Plaintiff's own action of complaining to management about the alleged sexual harassment and her claim that another unknown coworker used the same reporting mechanism undermines this argument. *See* Amend. Compl. ¶¶ 16, 20, 33-34. Moreover, "[i]t is not enough" that "each Count begins by incorporating the allegations raised in all prior paragraphs of the complaint." *Rice v. D.C.*, 774 F. Supp. 2d 25, 33 (D.D.C. 2011) (internal quotations and citations omitted). Instead, "[a]n individual count must contain a plausible recitation of enough facts to support it." *Id.* Plaintiff makes no factual

allegations to support her claim that Defendants acted negligently by failing to implement a sexual harassment policy or failing to investigate any claims of harassment. Amend. Compl. ¶¶ 61-66. As such, Plaintiff fails to properly support her NIED claim against Defendants.

Plaintiff attempts to argue that this case is analogous to *Rollerson v. Dart Grp. Corp.*, 1996 WL 365406, at *7 (D.D.C. June 25, 1996). ECF No. 11 at 3-4. However, critical to why the court permitted the plaintiff's NIED to proceed relating to her claim that her employer failed to implement a policy and grievance process was the fact that the plaintiff actually **pled** facts to support those claims. *Id.* at *7 (stating that plaintiff's Amended Complaint pled facts that the defendant "negligently failed to establish and effectively implement a company policy against sexual harassment in the workplace" and the employer "negligently failed to establish and effectively implement a grievance process for employees subject to sexual harassment."). Unlike the plaintiff in the *Rollerson* case, Plaintiff does not make such allegations. Therefore, the Court should dismiss Count IV of Plaintiff's Complaint.

### D. Plaintiff's Negligent Training, Supervision, and Retention Claim (Count V) Must be Dismissed as a Matter of Law.

Plaintiff's Opposition fails to address arguments raised by Defendants as to why her negligent training, supervision, and retention claim must fail as a matter of law. Instead, she claims that her cause of action must continue because she adequately established her NIED claim. However, for the reasons stated in its opening memorandum and this Reply memorandum, Plaintiff has failed to do so. Further support as to why Count V should be dismissed is the fact that Plaintiff is required to show Defendants were "negligent or reckless (1) in giving improper or ambiguous orders or in failing to make proper regulations; or (2) in supervising the activities being conducted through its employees." *Rollerson*, 1996 WL 365406, at *7 (D.D.C. June 25, 1996). Plaintiff's Amended Complaint fails to allege any facts to support such a claim.

Thus, because Plaintiff's NIED claim cannot survive this 12(b)(6) motion and there is no other viable independent common law claim in Plaintiff's Amended Complaint, and Count V's allegations are exclusively based upon alleged violations of the DCHRA, Count V of Plaintiff's Amended Complaint must be dismissed as a matter of law.

### III. CONCLUSION

Assuming that all the well-pleaded allegations in the Amended Complaint are true, and with all permissible inferences construed in Plaintiff's favor, Counts IV and V of Plaintiff's Amended Complaint still fail to set forth viable claims upon which relief can be granted and must be dismissed as a matter of law. In light of the foregoing, Defendant respectfully requests that the Court grant its Motion, dismiss Counts IV and V of Plaintiff's Amended Complaint in their entirety, with prejudice, together with such relief as the Court considers proper and just.

Dated: March 28, 2023                               Respectfully submitted,

/s/ D'Ontae D. Sylvertooth
D'Ontae D. Sylvertooth, D.C. Bar No. 1644187
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C.  20006
Tel: (202) 887-0855
Fax: (202) 887-0866
Email:  dontae.sylvertooth@ogletree.com

*Counsel for Defendant*

-9-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 28, 2023, I caused a true and correct copy of the foregoing to be electronically filed via the Court's e-filing system to:

Adriana Alcalde, Esq.
D. Md. No. 1656434
Andrew Rozynski, Esq.
(NY Bar No. 5054465, seeking admission *pro hac vice*)
EISENBERG & BAUM, LLP
24 Union Square East, Penthouse
New York, NY 10003
Tel: (212) 353-8700
AAlcalde@eandblaw.com
ARozynski@eandblaw.com

*Counsel for Plaintiff, Dianne Tan*

        */s/ D'Ontae D. Sylvertooth*
        D'Ontae D. Sylvertooth, D.C. Bar No. 1644187