UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANNE TAN, | ) |
|    Plaintiff, | ) |
|       v. | ) Case No. 23-cv-00224 (APM) |
| COMPASS GROUP USA, INC., et al., | ) |
|    Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.**

Plaintiff Dianne Tan brings this action under the District of Columbia Human Rights Act (DCHRA) and the common law, alleging that she suffered repeated instances of sexual harassment while employed by Defendants Compass Group USA, Inc. and Bon Appetit Management Co. Before the court is Defendants' partial motion to dismiss, Defs.' Mot. to Dismiss Counts IV and V of Pl.'s Am. Compl., ECF No. 10 [hereinafter Defs.' Mot.], which seeks dismissal of the two common-law claims—negligent infliction of emotional distress and negligent training, supervision, and retention—for failure to state a claim. Fed. R. Civ. P. 12(b)(6). For the reasons stated, the court denies the motion.

**II.**

"A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint." *Nunes v. WP Co. LLC*, 513 F. Supp. 3d 1, 5 (D.D.C. 2020). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff is not required to plead "specifics," *Twombly*, 550 U.S. at 570, but the court need not "accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or inferences that are "unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  If the complaint does not meet these pleading standards, the court must grant the motion to dismiss.  Fed. R. Civ. P. 12(b).

### III.

### A.

Count IV of the Amended Complaint asserts a claim of negligent infliction of emotion distress (NIED).  Defendants argue that Plaintiff fails to state a claim for NIED because (1) the alleged conduct of its employees constituted intentional torts, not negligent actions, (2) Plaintiff was neither physically injured nor in the zone of danger, and (3) her allegations are not plausible.  The court is unpersuaded as to each of these arguments.

*First*, the relevant conduct giving rise to Count IV is Defendants' alleged negligence *as an employer*, not the intentional conduct of its employees.  Defendants are correct that "negligent infliction of emotional distress cannot be treated as a 'lesser tort' to intentional infliction of emotional distress," *Cornish v. D.C.*, 67 F. Supp. 3d 345, 364 (D.D.C. 2014), and that if "the conduct alleged, even when viewed in the light most favorable to appellant, is not negligence but an intentional tort, [a plaintiff] cannot recover damages for negligent infliction of emotional distress based on that conduct," *Brown v. Argenbright Sec., Inc.*, 782 A.2d 752, 759 (D.C. 2001); Defs.' Mem. in Support of Defs.' Mot., ECF No. 10-1 [hereinafter Defs.' Mem.], at 7–9.  Here,

however, the challenged conduct is Defendants' purported negligence in failing to "discipline and/or investigat[e]" Plaintiff's co-workers after she complained about their harassing conduct. Am. Compl., ECF No. 9, ¶ 33; Pl.'s Mem. in Opp'n to Defs.' Mot., ECF No. 11 [hereinafter Pl.'s Opp'n], at 3–6. Defendants did not transfer them to other locations, for example, which resulted in Plaintiff's continued work with her harassers. Am. Compl. ¶¶ 18, 23; Pl.'s Opp'n at 3–6. At this stage, Plaintiff's allegations are sufficient to sustain an NIED claim. *See Rollerson v. Dart Grp. Corp*, No. CIV. A. 95-1172 (GK), 1996 WL 365406, at *7 (D.D.C. June 25, 1996) (denying motion for summary judgment where employer's alleged negligence "in disseminating and implementing its sexual harassment policy . . . placed Plaintiff in a zone of physical danger in which she feared for her safety").[1]

*Second*, Defendants contend that Plaintiff failed to allege that she either sustained physical injury or was placed in the zone of danger. "To establish a prima facie case of negligent infliction of emotional distress, the plaintiff must prove [s]he was in the zone of danger created by the defendant's negligence and that the distress is serious and verifiable." *Hill v. Medlantic Health Care Grp.*, 933 A.2d 314, 331 (D.C. 2007). A plaintiff placed in the zone of danger need not show any physical injury. *Williams v. Baker*, 572 A.2d 1062, 1067 (D.C. 1990); *Jones v. Howard Univ., Inc.*, 589 A.2d 419, 424 (D.C. 1991). She need only plausibly allege "that she was in physical danger and that she reasonably feared for her own safety . . . ." *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 804 (D.C. 2011). For instance, where a plaintiff "offered no evidence that his physical safety was imminently endangered by his co-workers' alleged harassment and

---

[1] Perhaps realizing that they had misconstrued Plaintiff's NIED claim, Defendants raise two new arguments in their reply brief regarding vicarious liability and foreseeability. Defs.' Reply in Support of Defs.' Mot., ECF No. 12 [hereinafter Defs.' Reply], at 2–7. Because "[i]ssues may not be raised for the first time in a reply brief," *Rodriguez v. Blanks*, 852 F. App'x 13, 14 (D.C. Cir. 2021) (quoting *Rollins Environmental Services, Inc. v. EPA*, 937 F.2d 649, 653 n.2 (D.C. Cir. 1991)), the court does not address these arguments.

horseplay" and "failed to demonstrate that the threat of injury claimed was more than minimal or negligible," he was not in the zone of danger. *McMillan v. Nat'l R.R. Passenger Corp.*, 648 A.2d 428, 434 (D.C. 1994).

At this stage, Plaintiff has made a plausible showing. She alleges that one of her co-workers assaulted her, Am. Compl. ¶ 14, and another sexually harassed her, *id.* ¶ 32, without consequence, causing her to fear for her physical safety, as she was forced to continue working with them, *id.* at ¶¶ 15, 25, 35, 37, 38. Unlike in *McMillan*, Plaintiff allegations are sufficient to establish that she was in physical danger and reasonably feared for her own safety.

*Third*, Defendants state that Plaintiff's allegations about Defendants' failure to investigate or discipline her harassers are conclusory and unsupported by facts. Defs.' Mem at 8–9; Defs.' Reply at 6–7. But Plaintiff has pleaded facts that permit this court to plausibly infer Defendants' negligence, including that Defendants had notice of the sexual harassment, Am. Compl. ¶¶ 16, 20, 24, and did not take any action, *id*. ¶¶ 9, 18, 23. The court thus denies the motion on this ground.

**B.**

Count V alleges negligent training, supervision, and retention. "[A]n action for negligent supervision and retention requires proof that the employer breached a duty to plaintiff to use reasonable care in the supervision or retention of an employee which proximately caused harm to plaintiff." *Phelan v. City of Mount Rainier*, 805 A.2d 930, 940 (D.C. 2002).

Defendants argue that because Count IV does not state a claim, and because negligent training, supervision, and retention must be accompanied by an underlying tort, Count V also fails. Defs.' Mem. at 13–14. Defendants also appear to argue that there is no common-law duty to prevent sexual harassment of an employee, so even if Count IV survives, Count V does not. *Id*. at 14.

Defendants are correct that the D.C. Court of Appeals has held that a negligent supervision claim cannot be predicated on a violation of the DCHRA. *Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 577 (D.C. 2007). However, "a negligent supervision claim could lie in a sexual harassment case if supported by a viable claim of independent tortious conduct as recognized at common law," such as battery or intentional infliction of emotional distress, where "evidence of independent tortious conduct of that kind was proffered or presented . . . ." *Id*. "For example, a negligent supervision claim predicated on a battery might be pursued under a theory that the employer was negligent in allowing the battery to happen." *Id*. While a successful claim "requires logically antecedent proof of a tort committed by the supervised employee," the plaintiff need not actually bring these claims against the co-worker in a tort action. *Daka, Inc. v. McCrae*, 839 A.2d 682, 693 (D.C. 2003) (upholding judgment for the plaintiff on a negligent supervision claim brought against employer, arising from sexual harassment by co-worker, where co-worker was not named as a defendant).

Here, Plaintiff has set forth numerous factual allegations regarding her co-workers' independent tortious conduct. Am. Compl. ¶¶ 14, 22, 32, 37, 38. As already stated, the theory of Plaintiff's case is that Defendants were negligent in allowing the continued harassment, despite being on notice of the misconduct. Plaintiff has thus sufficiently alleged negligent supervision.

### IV.

For the foregoing reasons, the court denies Defendants' Motion to Dismiss, ECF No. 10.

Dated: October 23, 2023

Amit P. Mehta
United States District Court Judge